IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AKASH DIXIT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21-cv-02602-JTF-atc |
| | ) |
| FREDRICK W. SMITH, BABITA TIWIRI, FEDEX COMPANY, TANYA SINGH, GREGORY D. GOLDEN, AND KUPFERMAN AND GOLDEN FIRM, | ) ) ) ) |
| | ) |
|    Defendant. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON OUTSTANDING MOTIONS**

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") on Outstanding Motions, entered on February 13, 2023. (ECF No. 46.) Plaintiff filed his objections on February 27, 2023. (ECF No. 47.) For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation **DENYING** both Plaintiff's Emergency Motion for Preliminary/Interlocutory Injunctions (ECF No. 21) and Second Motion for Sanctions (ECF No. 44.)

**FINDINGS OF FACT**

In the R & R, the Magistrate Judge sets forth proposed findings of fact. (ECF No. 46, 2–5.) In essence, Defendant accuses Defendant FedEx Express Corporation ("FedEx") of denying him access to a suitcase that was mailed to India for him from the United States. (ECF No. 27.) While stuck in India due to the COVID-19 pandemic, Dixit asked a friend in the United States to ship him a box of his belongings. (*Id*. at 4–5.) On or about November 12, 2020, Dixit's friend

mailed, via the United States Postal Service, a suitcase to Dixit that was scheduled to arrive on November 18. (*Id*. at 5.) The suitcase contained Dixit and his son's clothes, their passports, his son's toys, "some important documents," and a laptop computer that was more than ten years old. (*Id*. at 5.) The suitcase did not arrive as scheduled.

Generally, Dixit does not object to the facts summarized in the R & R; but indicates that the Magistrate Judge missed or overlooked facts that identify specific irreparable harms that are crucial to his injunction requests. Dixit indicates that the Magistrate Judge overlooked contents of his laptop which include research projects, patent application material and publications. (ECF No. 47 at 8, 9.) The Court notes that the Magistrate Judge did not overlook the items identified by Dixit as being contained in his laptop. (ECF No. 46 at 3.) Otherwise, Dixit submits no additional factual objections.

Accordingly, the Court **ADOPTS** the Magistrate Judge's proposed findings of fact and will also take into consideration the additional facts identified by Plaintiff.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who

2

disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). Those portions of a Report and Recommendation to which a party has not specifically objected will be adopted by the Court as long as those sections are not clearly erroneous.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985).

Where a party's objections are simply a repetition of arguments that he or she made to the magistrate judge, a *de novo* review is not warranted.  *Thomas*, 474 U.S. at 140; *Mira v. Marshall* 806 F.2d 636, 637 (6th Cir. 1986).  "A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition."  *Brooks v. Invista* (*Koch Indus.*), 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007).

## ANALYSIS

### Motion for Sanctions

As an initial matter, Plaintiff does not object to the Magistrate Judge's recommendation that his Second Motion for Sanctions be denied. (ECF No. 47, 5.) Plaintiff states, "I am not objecting to my denial of my motion of Sanctions." (*Id*.) In the absence of any objections and no clear error made by the Magistrate Judge, the Court hereby **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's Motion for Sanctions be **DENIED**.

### Emergency Motion for Preliminary/Interlocutory Injunctions

The Magistrate Judge found that Plaintiff has failed to demonstrate that any of the four factors that warrant a preliminary injunction weigh in favor of Plaintiff. (ECF No. 46, 9.) Plaintiff objects to the Magistrate Judge's findings by arguing that: (1) the Magistrate Judge concedes that the "irreparable harm" requirement weighs in Plaintiff's favor and (2) the Magistrate Judge's point about him not wanting to pay the fees to have his package returned is unfounded which makes the "public interest" in keeping an efficient postal system weigh in his favor. (ECF No. 47, 7 & 10.)

**Objection No. 1: Irreparable Harm**

The Magistrate Judge found that based on Dixit's generalized allegations, he does not face any certain and immediate harm as a result of not receiving his package from FedEx. (ECF No. 46, 12.) The Magistrate Judge specifically explained that Dixit's bag arrived in India in December of 2020, but Dixit's original complaint was not filed until September 27, 2021. (*Id*.) Dixit also did not file his preliminary injunction motion until April 17, 2022 which is sixteen and a half months after the package arrived in India. (*Id*.) Thus, the Magistrate Judge found that the harm that Dixit faced by not having the package was not immediate. (*Id*.) Furthermore, the R & R described Dixit's assertions that he faced tremendous difficulties by not having the documents on his

computer as "non-specific, speculative, and theoretical." (*Id*. at 13.) Lastly, the Magistrate Judge found that the harm Dixit might face by not having his son's belongings and the documents in the computer represent harm for which "adequate compensatory or other corrective relief may be available at a later date." (*Id*.)

Plaintiff objects to the finding that irreparable harm does not weigh in his favor by alleging that FedEx has no benefit in taking his research data from him, as well as in keeping Plaintiff's clothes, underwear, his son's belongings, and both he and his son's passports. (ECF No. 47, 7.) Plaintiff further argues that his research projects, patent application materials, and publications on the laptop have no monetary value, but have immense value for him and the world. (*Id*. at 9.) Lastly, he accuses the Magistrate Judge of "missing" his points on irreparable harms that he faced that were enumerated in his preliminary injunction motion. (*Id*.)

"A preliminary injunction is an 'extraordinary remedy,' not a matter of right." *Patel v. Glenn*, No. 21-3499, 2022 WL 16647974, at *3 (6th Cir. Nov. 3, 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "Preliminary injunctions that alter the status quo are specifically disfavored." *Eads v. Tennessee*, No. 1:18-CV-00042, 2019 WL 2443125, at *1 (M.D. Tenn. June 12, 2019) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005)). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion, for example." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Ultimately, a preliminary injunction is only awarded upon a "clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Courts consider four factors when determining whether to issue a preliminary injunction:

5

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued; (3) whether the issuance of a preliminary injunction will cause substantial harm to third parties; and (4) whether the public interest would be served by the issuance of a preliminary injunction.

*G.S. by & through Schwaigert v. Lee*, 560 F. Supp. 3d 1113, 1121 (W.D. Tenn. 2021) (*citing Sandison v. Mich. High School Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). The factors are balanced against each other and proving all four is not necessary to secure a preliminary injunction. *United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998)). Notwithstanding that balancing, "the existence of an irreparable injury is mandatory." *Ohio v. Becerra*, No. 21-4235, 2022 WL 413680, at *2 (6th Cir. Feb. 8, 2022) (quoting *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019)) As the Sixth Circuit has explained, demonstrating such irreparable injury is mandatory to secure an injunction: "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." *D.T.*, 942 F.3d at 327. Moreover, "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Becerra*, 2022 WL 413680, at *2 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

Upon the Court's review of the items contained in the suitcase, it is clear that items such as clothes, underwear, and toys represent harm for which compensatory or other form of relief will be available in the ordinary course of litigation. The Court does not consider the loss of these material items as requiring immediate and extraordinary relief as contemplated by issuance of a preliminary injunction. The Court also agrees with the Magistrate Judge that the time it took between Plaintiff's package arriving in India and Plaintiff filing the original complaint and

6

injunction motion weigh against a finding that Dixit suffered immediate irreparable harm. There is nothing in the record that explains or quantifies the value of the research projects, patent application and publications. In addition, Dixit does not allege what damage he has suffered by not having the contents of the laptop. As noted, irreparable harm requires a showing that the injury is certain, great, and actual; which Dixit has failed to allege.

Lastly, Plaintiff accuses the Magistrate Judge of "missing" his points on why irreparable harm exists here. (ECF No. 47, 9-10.) The Court thoroughly reviewed the R & R and the Magistrate Judge addressed each of Plaintiff's assertions.

Accordingly, the Court **DENIES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff does not face irreparable harm in this matter; "….the existence of an irreparable injury is mandatory." *Ohio v. Becerra*, at *2.

**Objection No. 2: Public Interest**

The Magistrate Judge found that there is no public interest that could be advanced by issuing the injunction. (ECF No. 46, 15.) In the R & R, the Magistrate Judge agrees that the public has an interest in the efficient running of mail. (*Id*.) However, the Magistrate Judge explained:

> If Dixit and other similarly situated postal customers were able to obtain injunctions against the collection of the duties by foreign governments—prior to the propriety of the imposition of the duties being determined—the inefficiencies to ensue would be immense, and the entanglement of the courts in such determinations would undermine, rather than support, the public interest.

(ECF No. 46, 15-16.)

Dixit opposes this finding by asserting that the Magistrate Judge's point about him not paying the fees is unfounded, and there is a public interest in his return of the package after paying the fees. (*Id.*)

The Magistrate Judge's finding regarding public interest did not rest on whether or not Plaintiff agreed to pay the fees to receive his package. It rested on the fact that the court did not think that injunctions should be issued to similarly situated plaintiffs as it would lead to entanglement in the courts.  This Court agrees.

Accordingly, the Court **REJECTS** Plaintiff's objection and **ADOPTS** the Magistrate Judge's finding that Dixit's preliminary injunction motion fails to demonstrate that granting an injunction would serve the public interest.

## **CONCLUSION**

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Emergency Motion for Preliminary/Interlocutory Injunctions and Second Motion for Sanctions.

**IT IS THEREFORE ORDERED** this 19th day of May, 2023.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE