## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| AKASH DIXIT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02602-JTF-atc |
| | ) | |
| FREDRICK W. SMITH, BABITA | ) | |
| TIWIRI, FEDEX COMPANY, TANYA | ) | |
| SINGH, GREGORY D. GOLDEN, AND | ) | |
| KUPFERMAN AND GOLDEN FIRM, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO CLARIFY

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") to Grant Motion to Dismiss, entered on August 11, 2023 (ECF No. 57) and Plaintiff's Motion to Clarify the Court's previous Order Denying Plaintiff's Motion to Stay filed on September 1, 2021, (ECF No. 61). Plaintiff filed an "Appeal of Magistrate Judge Decision" on September 13, 2023, (ECF No. 62), which the Court construes as objections. For the reasons set forth below, the Court hereby **DENIES** Plaintiff's Motion to Clarify, **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(2)(6) (ECF No. 57), and the claims against the remaining Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

### Motion to Clarify

The Court first addresses Plaintiff's Motion to Clarify. Plaintiff questions why the Court granted fourteen days to file objections instead of the thirty-day extension he requested, which

Defendants did not oppose. (ECF Nos. 59 & 61.)  The Federal Rules of Civil Procedure do not provide for a "motion for clarification."  Caselaw holds that the "general purpose of a motion for clarification is to explain or clarify something 'ambiguous or vague' in the court's order or judgment.  *In re Oakland Physicians Med. Ctr., L.L.C.*, No. 2:19-CV-11773, 2020 WL 1323995, at *2 (E.D. Mich. Mar. 20, 2020) (quoting *Resolution Tr. Corp. v. KPMG Peat Marwick*, No. 92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)).

Nothing in the Court's order was either ambiguous or vague.  Initially, Plaintiff had until August 25, 2023, to file objections to the R & R as provided in the docket entry's text and communicated via notice in the R & R.  (ECF No. 57, 22.)[1] On August 25, 2023, the date the objections were due, Plaintiff filed a Motion to Stay the proceedings, or in the alternative, extend the deadline to object to the Magistrate Judge's R&R by thirty days.  (ECF No. 58.)  The Court denied the Motion but granted him fourteen (14) days to file objections to the R&R.  (ECF No. 60.) Uncertain about the Court's denial of the thirty-day extension, Defendant filed a Motion to Clarify on September 1, 2023. (ECF No. 61.)

The Court denies Plaintiff's Motion to Clarify.  To the extent that Plaintiff is requesting further explanation from the Court, the Court will address Plaintiff's concern. Rather than granting the requested thirty-extension the Court granted fourteen days to file objections as provided under Federal Rule of Civil Procedure 72(b)(2).

---

[1] The notice provided:

> Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.

Fed. R. Civ. P. 72(b)(2).

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

**ANALYSIS**

In one line, Plaintiff blanketly states "I OBJECT to the report and recommendations by the Magistrate Judge." (ECF No. 62.) Plaintiff then states that he filed the one-line objection because

of the Court's "lack of clarity of clarity" in the order denying his motion to stay the proceedings and granting him additional time to file objections. (ECF No. 62, 2.) He further states that he has been dealing with a medical condition. (*Id*.) Indeed, the Court sympathizes with Plaintiff and his medical condition and has closely reviewed and considered Plaintiff's Response to the Motion the Motion Dismiss, the R & R, and Plaintiff's objection.

After review, it is clear that Plaintiff's objection to the R & R attempts to offer a medical justification for not being able to adequately represent his interests in responding to the R&R as well as requesting an explanation from the Court for the fourteen-day extension rather than thirty days as requested. (ECF No. 69-1.) Because Plaintiff's objection contains nothing for the Court to consider regarding any specific objections to the R & R, the Court treats the matter at hand as if no objections were filed.

The Magistrate Judge found that Plaintiff did not establish the elements sufficient to state a RICO claim under 18 U.S.C. § 1962(c), nor could Plaintiff's claims against the remaining Defendants proceed pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 57, 7 & 8 n.6.) As a result, the Magistrate Judge recommends that Defendants' Motion to Dismiss be granted in its entirety. (*Id*. at 22.) The Court agrees. After a full review of pertinent portions of the record, and in the absence of any specific objections by Plaintiff, the Court finds that the R & R should be **ADOPTED**.

## <u>CONCLUSION</u>

Having satisfied itself that there is no clear error on the face of the record, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendants' Motion to Dismiss as to all of Plaintiff's claims. Accordingly, Plaintiff's claims against all Defendants in this action are **DISMISSED**. A final judgment will be entered accordingly.

**IT IS THEREFORE ORDERED** this 29th day of September, 2023.

_s/ John T. Fowlkes, Jr._
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE